# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEISNIER VILLAFRANCA MONZON,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-04297-JLT-SAB-HC<br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY RESPONDENTS' MOTION TO DISMISS, AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING<br>(ECF Nos. 1, 11) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Cuba who entered the United States on or about November 18, 2021 without inspection and was served a notice to appear charging Petitioner under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. On January 12, 2026, U.S. Immigration and Customs Enforcement ("ICE") encountered Petitioner at a jail after he was arrested for a moving traffic violation. (ECF No. 11 at 14.[1]) Petitioner is detained at the Mesa Verde Detention Facility. (ECF No. 1 at 2.)

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On April 6, 2026, Petitioner filed his first petition for writ of habeas corpus in this Court raising a prolonged detention due process claim. Petition, Villafranca Monzon v. Current or Acting Field Office Director, No. 1:26-cv-02580-JLT-SAB (E.D. Cal. Apr. 6, 2026), ECF No. 1. On May 29, 2026, the Court dismissed the petition because the prolonged detention claim was premature and Petitioner failed to provide sufficient details to permit the Court to construe his allegations to raise any other form of due process claim. Order, Villafranca Monzon, No. 1:26-cv-02580-JLT-SAB, ECF No. 9.

On June 4, 2026, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) The Court construed the petition "as raising claims challenging Petitioner's re-detention and the statutory authority of Petitioner's detention." (ECF No. 8 at 1.) On June 29, 2026, Respondents filed a motion to dismiss. (ECF No. 11.) To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Abuse of Writ

Respondents assert that the petition should be dismissed pursuant to the abuse of the writ doctrine because the claims and other issues could have been raised in the first action but were not. (ECF No. 11 at 2.)

The "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Id. (citations omitted). Given Petitioner's pro se status, the fact that Petitioner's previous petition was dismissed as premature without a merits determination, and prolonged detention claims are inherently dynamic and evolve as the time in detention lengthens, the Court recommends finding that dismissal is not warranted for abuse of the writ.

**B. Due Process**

Respondents assert that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." (ECF No. 11 at 3.) Respondents' position has been rejected by the Ninth Circuit in Rodriguez Vazquez v. Bostock, --- F.4th ----, 2026 WL 2196424 (9th Cir. July 30, 2026). Accordingly, the Court recommends finding that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.

Additionally, Respondents' arguments have been rejected by this Court in numerous previous decisions where the Court found that a petitioner's re-detention without a pre-deprivation hearing after having previously been released from immigration detention violated due process. See, e.g., Garcia v. Chestnut, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); Aguilera v. Albarran, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); J.S.H.M v. Wofford, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808 (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends granting the petition for writ of habeas corpus on the construed claim challenging Petitioner's re-detention for the reasons addressed in those prior orders. Considering Petitioner's arrest, the Court further recommends that a post-deprivation hearing is appropriate, and that "the burden at any such hearing [be placed] on the government to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight." J.E.H.G. v. Chestnut, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025) (citing Pinchi v. Noem, 792 F. Supp. 3d 1025, 2025 WL 2084921, at *7 (N.D. Cal. 2025)). See J.E.H.G., 2025 WL 3523108, at *14 ("[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk. Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of

providing a justification for the re-detention.”).

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the construed claim challenging Petitioner’s re-detention; and
2. Respondents be directed to provide Petitioner with an individualized hearing before an immigration judge where the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify his detention.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned “Objections to Magistrate Judge’s Findings and Recommendation.” Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge’s ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court’s order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 21, 2026**

STANLEY A. BOONE
United States Magistrate Judge